IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50229
Summary Calendar
_____


MARY ELIZABETH HUMPHREY, As Next Friend of
Clint Colby Stoll, A Minor; ANTHONY ALEXANDER
STOLL, Individually and as Representative of
the Estate of Clint Stoll, Deceased; and MYRNA
JO STOLL, Individually and as Representative
of the Estate of Clint Stoll, Deceased,

                                        Plaintiffs-Appellees,

versus

CITY OF AUSTIN et al.,

                                        Defendants,

TRAVIS COUNTY TEXAS,

                                        Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-95-CV-53
- - - - - - - - - -
December 12, 1997
Before JOLLY, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:[*]

    Defendant-appellant Travis County, Texas appeals the district

court's denial of its motion for summary judgment or, in the

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

1

alternative, to dismiss the plaintiffs' complaint, which asserted civil rights claims under 42 U.S.C. § 1983 and supplemental state-law tort claims. Travis County's motion was based in part on qualified immunity and other immunity doctrines.

The denial of summary judgment generally is not an appealable order. Aldy v. Valmet Paper Mach., 74 F.3d 72, 75 (5th Cir. 1996), cert. denied, 117 S. Ct. 68 (1997). This court lacks appellate jurisdiction over the district court's denial of Travis County's motion for summary judgment because the district court made no abstract legal conclusions as to the County's state-law immunity defenses and based the denial of summary-judgment on a determination that there remained many genuine issues of material fact. See Behrens v. Pelletier, 116 S. Ct. 834, 841-42 (1996). The appeal is DISMISSED for want of appellate jurisdiction. *See Cantu v. Rocha*, 77 F.3d 795, 804 (5th Cir. 1996).

Insofar as the plaintiffs move to dismiss the appeal, that motion is GRANTED.

The plaintiffs' motion for the imposition of sanctions alleges that this is appeal is frivolous and seeks costs and damages based on FED. R. APP. P. 38. Defendant has made a non-frivolous, though ultimately unsuccessful, argument that this court had appellate jurisdiction under the "collateral order doctrine." Therefore, the motion for sanctions is DENIED.

APPEAL DISMISSED; MOTION FOR SANCTIONS DENIED.